IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**FILED**

MAR 26 2019

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

Criminal No. 19-21

JASMINE PARRISH
DONNA POREMSKI

## SUPERSEDING INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Rebecca L. Silinski, Assistant United States Attorneys for said District, and submit this Superseding Indictment Memorandum to the Court:

### I. THE SUPERSEDING INDICTMENT

A Federal Grand Jury returned a five-count Superseding Indictment against the above-named defendants for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANT CHARGED |
|---|---|---|---|
| 1 | Conspiracy to Commit Bank Robbery<br>In and around January 2018 through November 21, 2018 | 18 U.S.C. § 371 | PARRISH<br>POREMSKI |
| 2, 3 | Armed Bank Robbery<br>On or about June 23, 2018<br>On or about September 6, 2018 | 18 U.S.C. §§ 2 and 2113(d) | PARRISH<br>POREMSKI |
| 4 | Bank Robbery<br>On or about October 18, 2018 | 18 U.S.C. §§ 2 and 2113(a) | PARRISH<br>POREMSKI |
| 5 | Bank Robbery<br>On or about November 21, 2018 | 18 U.S.C. §§ 2 and 2113(a) | PARRISH |

## II.     ELEMENTS OF THE OFFENSES

### A.     As to Count One:

In order for the crime of Conspiracy to Commit Bank Robbery, in violation of 18 U.S.C. § 371, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That two (2) or more persons agreed to commit offenses against the United States, as charged in the Superseding Indictment;

2. That the defendant was a party to or member of that agreement;

3. That the defendant joined the agreement or conspiracy knowing of its objective to commit an offense against the United States and intending to join together with at least one other alleged conspirator to achieve that objective; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve a common goal or objective to commit an offense against the United States; and

4. That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objective of the agreement.

Third Circuit Model Criminal Jury Instruction 6.18.371A.

### B.     As to Counts Two and Three:

In order for the crime of Armed Bank Robbery, in violation of 18 U.S.C. §§ 2 and 2113(d), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant took money that was in the care, custody, or possession of the bank named in the Superseding Indictment, or from the bank while others, namely employees of the bank, were present;

2

2. That the defendant used force, violence, or intimidation;

3. That the defendant intentionally put the lives of the employees of the bank named in the Superseding Indictment in jeopardy by the use of a dangerous weapon or device while taking the money; and

4. The deposits of the bank named in the Superseding Indictment were then insured by the Federal Deposit Insurance Corporation.

Third Circuit Model Criminal Jury Instruction 6.18.2113D.

**C.     As to Counts Four and Five:**

In order for the crime of Bank Robbery, in violation of 18 U.S.C. §§ 2 and 2113(a), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant took money that was in the care, custody, or possession of the banked named in the Superseding Indictment, or from the bank, while others, namely employees of the bank, were present;

2. That the defendant used force, violence, or intimidation;

3. The deposits of the bank named in the Superseding Indictment were then insured by the Federal Deposit Insurance Corporation.

Third Circuit Model Criminal Jury Instruction 6.18.2113D.

### III.     PENALTIES

**A.     As to Count One:  Conspiracy to Commit Bank Robbery (18 U.S.C. § 371):**

1. A term of imprisonment of not more than five (5) years (18 U.S.C. § 371);

2. A fine not more than the greater of;

    (a)     $250,000 (18 U.S.C. § 3571(b)(3));

<u>or</u>

    (b) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

  3. A term of supervised release of not more than three (3) years (18 U.S.C. § 3583);

  4. Any or all of the above.

 **B.** **As to Counts Two and Three: Armed Bank Robbery (18 U.S.C. §§ 2 and 2113(d)):**

  1. A term of imprisonment of not more than twenty-five (25) years (18 U.S.C. § 2113(d)).

  2. A fine of not more than the greater of:

    (a) $250,000 (18 U.S.C. § 3571(b)(3));

<u>or</u>

    (b) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d)).

  3. A term of supervised release of not more than five (5) years (18 U.S.C. § 3583).

  4. Any or all of the above.

      C.    **As to Counts Four and Five: Bank Robbery (18 U.S.C. §§ 2 and 2113(a)):**

      1.    A term of imprisonment of not more than twenty (20) years (18 U.S.C. § 2113(a));

      2.    A fine of not more than the greater of:

          (a)    $250,000 (18 U.S.C. § 3571(b)(3));

or

          (b)    an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

      3.    A term of supervised release of not more than three (3) years (18 U.S.C. § 3583);

      4.    Any or all of the above.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Restitution may be required in this case, together with any authorized penalty, as part of the defendant's sentence, pursuant to 18 U.S.C. §§ 3663A, and 3664.

## VI.     FORFEITURE

As set forth in the Superseding Indictment, forfeiture may be applicable in this case.

        Respectfully submitted,

        SCOTT W. BRADY  
        United States Attorney

        _____  
        REBECCA L. SILINSKI  
        Assistant United States Attorney  
        PA ID No. 320774

**FILED**

MAR 26 2019

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | |
|---|---|
| v. | Criminal No. 19-21 |
| DONNA POREMSKI | |

## MOTION FOR ARREST WARRANT

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Rebecca L. Silinski, Assistant United States Attorney for said District, and, pursuant to Rule 9 of the Federal Rules of Criminal Procedure, respectfully moves the Court to issue an Order directing that an Arrest Warrant be issued for the apprehension of defendant Donna Poremski, upon the grounds that a Superseding Indictment has been returned in the above-captioned criminal case charging the defendant with violations of 18 U.S.C. §§ 2, 371, 2113(a), and §2113(d).

Recommended bond: Detention.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

By: _____
REBECCA L. SILINSKI
Assistant United States Attorney
PA ID No. 320774

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**FILED**

MAR 26 2019

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

| UNITED STATES OF AMERICA | |
|---|---|
| v. | Criminal No. 19-21 |
| DONNA POREMSKI | |

ORDER

AND NOW, to wit, this _26th_ day of March, 2019, upon consideration of the Motion for Arrest Warrant, heretofore filed by the United States of America, it is hereby ORDERED that said Motion is GRANTED.

It is further ORDERED that an Arrest Warrant shall issue for the apprehension of defendant Donna Poremski.

Bond shall be set by the United States Magistrate Judge.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  United States Attorney